UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASKELL 305 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16-cv-03314 |
| | § | |
| SENECA INSURANCE COMPANY, | § | |
| LITTLETON CLAIMS SERVICE, AND | § | |
| TAD CARTER, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT SENECA INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Seneca Insurance Company ("Seneca") files this Notice of Removal under 28

U.S.C. §§ 1332, 1441, and 1446 and states:

## I.
## INTRODUCTION

1.     Plaintiff Haskell 305 LLC ("Plaintiff") commenced this lawsuit on October 21,

2016, by filing Plaintiff's Original Petition ("Petition") in the 160th Judicial District Court of

Dallas County, Texas.  Plaintiff generally alleges that its insurance claim was improperly denied

by Seneca.

2.     Plaintiff's Petition names Seneca, Littleton Claims Service ("Littleton"), and Tad

Carter ("Carter") as Defendants. Littleton was the independent adjusting firm retained by

Seneca to adjust Plaintiff's insurance claim. Carter was the individual field adjuster assigned by

Littleton to adjust Plaintiff's insurance claim.

3.     Seneca was served with Plaintiff's Petition on October 31, 2016, Carter was

served on November 2, 2016, and Littleton has not yet been properly served. Thus, Seneca files

this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

4.      Carter need not join in or consent to removal because Seneca contends that Carter was improperly joined.[1] Littleton need not join in or consent to removal because Littleton has not been properly served.[2]

## II.
## BASIS FOR REMOVAL

5.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

7.      If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Seneca's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[3]

8.      Here, Plaintiff's Petition states that Plaintiff seeks to recover between $100,000 and $500,000 in this lawsuit.[4] It is therefore facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

---

[1]     *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) ("[A]ll defendants who are properly joined and served must join in the removal petition").

[2]     *Id.*

[3]     *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[4]     Plaintiff's Original Petition at p.8, ¶9.1.

**B.**     **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff, Seneca, and Littleton.**

9.     Plaintiff is a Texas limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members.[5] Plaintiff's only member is Maxwell Miller, a Texas resident. Thus, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

10.     Seneca is a New York corporation with its principal place of business in New York. Thus, Seneca is a citizen of New York for purpose of diversity of citizenship.

11.     Although Littleton has yet to be properly served, it is an Illinois corporation with its principal place of business in Illinois. Thus, Littleton is a citizen of Illinois for purposes of diversity of citizenship.

12.     Carter is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no reasonable possibility that Plaintiff will be able to establish a cause of action against Carter in this lawsuit. Carter's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff, Seneca, and Littleton (now and on the date Plaintiff filed this lawsuit).[6]

> *(1)     Plaintiff Improperly Joined Carter as a Defendant, meaning Carter's citizenship should be disregarded for purposes of diversity jurisdiction.*

13.     Plaintiff's causes of action against Carter include a group of violations under the Texas Insurance Code and DTPA, as well as breach of the duty of good faith and fair dealing. However, Carter's citizenship should be disregarded because he was improperly joined to defeat

---

[5]   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[6]   Although Defendant Littleton (a) is not required to join in on this Notice of Removal because it has not yet been served, and (b) is not subject to the "improper joinder analysis" because its Illinois citizenship does not destroy diversity of citizenship, Plaintiff, has not established a reasonable possibility of recovery against Littleton.

this Court's diversity jurisdiction.

14.     Improper joinder exists when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[7] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant(s).[8] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[9]

15.     Further, the improper joinder analysis requires an examination of Plaintiff's Petition under the *Federal* pleading standard.[10] This requires Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."[11] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12]

16.     Under the standard set forth above, and as detailed below, there is no reasonable basis for predicting that Plaintiff might establish liability against Carter. Not only do Plaintiff's claims against Carter fail as a matter of law, but Plaintiff's Petition lacks the requisite factual

---

[7]   *See One Way Investments v. Century Ins. Co.*, Civil Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *2 (N.D. Tex. Dec. 11, 2014) (Fitzwater, S.).

[8]   *See id.*

[9]   *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[10]   *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas*, 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

[11]   *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

[12]   *Twombly*, 550 U.S. at 555.

---

allegations to impose individual liability on an adjuster like Carter.

> **(2)    *Plaintiff has no reasonable possibility of recovery against Carter under Chapter 541 of the Texas Insurance Code.***

17.    Plaintiff's Petition includes a group of alleged statutory violations against Carter under § 541.060 of the Texas Insurance Code.[13] Plaintiff's Petition lumps the conduct of all Defendants together and includes the following causes of action:

> Defendants SENECA, LITTLETON and CARTER have failed to attempt to effectuate a good faith settlement by failing to compensate Plaintiff for covered damage to the Property.
>
> Defendants SENECA, LITTLETON, and CARTER have failed to attempt to effectuate a good faith settlement by failing to present to Plaintiff an accurate reflection of Plaintiff's covered damages. SENECA, LITTLETON, and CARTER apparently determined that Plaintiff's property damages were from wear and tear as opposed to storm related damages, yet failed to provide support of their conclusion.
>
> In denying Plaintiff's Claim Number 15KKN017, SENECA, LITTLETON, and CARTER further failed to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for the denial.[14]

18.    While Plaintiff's Petition does not cite to specific provisions of § 541.060, it appears that these claims encompass purported violations of § 541.060(a)(2)(A) and § 541.060(a)(3).[15]

19.    Plaintiff cannot recover for either of these claims against Carter as a matter of law.  Courts of this District have recognized that an adjuster cannot be held liable under

---

[13]    *See* Plaintiff's Petition at pp. 4-6.

[14]    *See id.* (original emphasis).

[15]    *See* Tex. Ins. Code. Ann. § 541.060(a)(2)(A) (listing one unfair method of competition as failure to "attempt in good faith to effectuate a prompt, fair or equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear"); Tex. Ins. Code. 541.060(a)(3) (listing one unfair method of competition as failure to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim").

§541.060(a)(2)(A), because this statutory provision only applies to an *insurance company's* liability – not an individual adjuster's liability.[16] "An adjuster cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer."[17] Similarly, as to § 541.060(a)(3), this District has recognized that "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policy holder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."[18]

20.     In addition to Plaintiff's failure to state a cognizable claim against Carter under § 541.060, Plaintiff also has no reasonable possibility of recovery because the factual allegations in Plaintiff's Petition solely relate to Seneca's denial of policy benefits. "[F]or an adjuster to be held individually liable, he must have committed some act that is prohibited by the Texas Insurance Code, not just connected to an insurance company's denial of coverage."[19] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[20] Absent actual damages, other

---

[16]   *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) (Fitzwater, S.) (citing *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.)).

[17]   *Id.*

[18]   *Mainali Corp.*, 2015 WL 5098047 at *4.

[19]   *Together 6 LLC d/b/a Motel 6 v. The Burlington Ins. Co.,* No. 4:15-CV-064-Y, at 8 (N.D. Tex. Apr. 22, 2015) (citing *Messersmith v. Nationwide Mut. Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

[20]   *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014).

than the unpaid policy benefits, there is no cause of action under Chapter 541 of the Texas Insurance Code.[21]

21.     But here, Plaintiff's factual allegations against Carter merely state that Carter was assigned to investigate Plaintiff's claim, and that Carter failed to provide any documentation in support of Seneca's decision to deny the claim.[22] Thus, Plaintiff's factual allegations against Carter are undoubtedly connected to Seneca's purported failure to pay what Plaintiff claims it was owed under the Seneca policy.  Plaintiff has not asserted any facts demonstrating an injury other than an alleged wrongful denial of policy benefits.

22.     Moreover, Plaintiff's Petition merely combines the actions of "Defendants SENECA, LITTLETON, and CARTER," and specifically fails to delineate which actor purportedly committed the alleged wrongdoing. This does not satisfy the Federal pleading standard to demonstrate an independent action against Carter.  Courts in this District have held that "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."[23]

### (3)     *Plaintiff has no possibility of recovery against Carter for violations of the Texas DTPA.*

23.     Plaintiff's Petition also includes causes of action against Carter for violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA.").[24] Plaintiff's

---

[21]   *See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co.,* 7:12-cv-00133-O, 2014 WL 3406686 (N.D. Tex. July 14, 2014) (finding no reasonable possibility of recovery against an independent adjuster for, in part, lack of independent injury).

[22]   *See* "Facts" section of Plaintiff's Original Petition at pp. 2-3.

[23]   *Meritt Buffalo*, 2016 WL 931217, at *5 (quoting *Plascencia v. State Farm Lloyds*, 2014 WL 10536950 (N.D. Tex. Sept. 25, 2014).

[24]   *See* Plaintiff's Original Petition at pp. 6-7.

obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[25] Here, as with the rest of Plaintiff's claims, the allegations against Carter combined with those against Seneca and Littleton, consisting of mere labels and conclusions. Under the Federal pleading standard that applies to the improper joinder analysis (and even the liberal Texas "fair notice" pleading standard), the allegations here do not provide this Court with a reasonable basis to predict that Plaintiff will recover against Carter under the DTPA. Plaintiff's legal conclusions are couched as factual allegations, which is insufficient to demonstrate a reasonable possibility or recovery.[26]

24.      Courts of this District have held that Plaintiff's claims against Carter under the DTPA are derivative of its claims against Carter under the Texas Insurance Code.[27] Thus, because Plaintiff has not adequately pled a reasonable possibility of recovery against Carter under the Texas Insurance Code, "there likewise is no reasonable basis for the court to predict that [Plaintiff] can recover against [Carter] under the DTPA."[28]

### (4)      *Plaintiff has no possibility of recovery against Carter for breach of the duty of good faith and fair dealing.*

25.      Plaintiff's claim for breach of the duty of good faith and fair dealing against Carter fails as a matter of law. Plaintiff entered into an insurance contract with Seneca, not Carter. "[A] duty of good faith and fair dealing does not exist in the insurance context without a

---

[25]      *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (McBryde, J.) (quoting *Twombly,* 550 U.S. 544, 55).

[26]      *Meritt Buffalo*, 2016 WL 931217, at *6.

[27]      *See Mainaili Corp.,* 2015 WL 5098047, at *4 (holding that DTPA claim against adjuster was derivative of viable cause of action under the Texas Insurance Code).

[28]      *Id.*

---

contract creating a special relationship between the parties."[29] As explained by the Supreme Court of Texas, an insured is owed a duty of good faith and fair dealing by its insurance company, *not* the agents or contractors hired by the insurance company to perform claims handling services.[30] This is because the insurance company "remains liable for actions by those agents or contractors that breach the duty of good faith and fear dealing owed to the insured by the carrier."[31] Thus, Plaintiff has no reasonable possibility of recovery against Carter for breach of the duty of good faith and fair dealing, as Carter does not owe such a duty as a matter of law.

## III.
## CONCLUSION

26.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

27.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a.     an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b.     a copy of the docket sheet in the state court action;

    c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

---

[29]   *Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, 2015 WL 3971415, at *3 (W.D. Tex. June 30, 2015).

[30]   *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex. 1994).

[31]   *Id.*

       d.      a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

28.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Seneca Insurance Company requests that this action be removed from the 160th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

ZELLE LLP

By: _____ /s/ Tyler J. McGuire _____
    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Tyler J. McGuire
    Texas Bar No. 24098080
    tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 28th day of November 2016, in accordance with the Federal Rules of Civil Procedure, as follows:

Michael S. Carnahan
Texas Bar No. 03825800
mcarnahan@carnahanthomas.com
CARNAHAN THOMAS
1190 North Carroll Avenue
Southlake, Texas 76092
Telephone:   817-424-1001
Facsimile:   817-424-1003

**COUNSEL FOR PLAINTIFF**

_____ /s/ Tyler J. McGuire _____
    Tyler J. McGuire