# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASKELL 305 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16-cv-03314 |
| | § | |
| SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE, AND TAD CARTER, | § | |
| | § | |
| Defendants. | § | |

**EXHIBIT A**

1. Index of All Documents Filed in the State Court Action
2. Docket Sheet in the State Court Action
3. Documents filed in the State Court Action

   a. Plaintiff's Original Petition
      Filed: October 21, 2016

   b. Return of Service on Defendant Seneca Insurance Company
      Served: October 27, 2016
      Filed: November 3, 2016

   c. Return of Service on Defendant Littleton Claims Service
      Served: October 31, 2016 via Certified Mail (improperly served wrong company/address)
      Filed: November 3, 2016

   d. Return of Service on Defendant Tad Carter
      Served: November 2, 2016
      Filed: November 3, 2016

   e. Defendants Seneca Insurance Company and Tad Carter's Original Answer and Affirmative Defenses to Plaintiff's Original Petition
      Filed: November 18, 2016

   f. Defendants Seneca Insurance Company and Tad Carter's Verified Plea in Abatement
      Filed: November 18, 2016

   g. (Proposed) Order Granting Defendants' Verified Plea in Abatement
      Filed: November 18, 2016

# Exhibit A-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASKELL 305 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16-cv-03314 |
| | § | |
| SENECA INSURANCE COMPANY, | § | |
| LITTLETON CLAIMS SERVICE, AND | § | |
| TAD CARTER, | § | |
| | § | |
| Defendants. | § | |

**INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**


1. Plaintiff's Original Petition
   Filed: October 21, 2016

2. Return of Service on Defendant Seneca Insurance Company
   Served: October 27, 2016
   Filed: November 3, 2016

3. Return of Service on Defendant Littleton Claims Service
   Served: October 31, 2016 via Certified Mail (improperly served wrong company/address)
   Filed: November 3, 2016

4. Return of Service on Defendant Tad Carter
   Served: November 2, 2016
   Filed: November 3, 2016

5. Defendants Seneca Insurance Company and Tad Carter's Original Answer and Affirmative Defenses to Plaintiff's Original Petition
   Filed: November 18, 2016

6. Defendants Seneca Insurance Company and Tad Carter's Verified Plea in Abatement
   Filed: November 18, 2016

7. (Proposed) Order Granting Defendants' Verified Plea in Abatement
   Filed: November 18, 2016

# Exhibit A-2

## Case Information

DC-16-13761 | HASKELL 305 LLC vs. SENECA INSURANCE COMPANY, et al

Case Number
DC-16-13761

Court
160th District Court

File Date
10/21/2016

Case Type
OTHER (CIVIL)

Case Status
OPEN

## Party

PLAINTIFF
HASKELL 305 LLC

Address
1190 N. CARROLL AVE
SOUTHLAKE TX 76092

Active Attorneys
Lead Attorney
CARNAHAN, MICHAEL S
Retained

Work Phone
817-424-1001

Fax Phone
817-424-1003

DEFENDANT
SENECA INSURANCE COMPANY

Address
BY SERVING ITS ATTORNEY JAMES ISBELL
1 RIVERWAY STE 1400
HOUSTON TX 77056-1988

Active Attorneys
Lead Attorney
MCGUIRE, TYLER J
Retained

Work Phone
214-742-3000

Fax Phone

214-760-8994

DEFENDANT
LITTLETON CLAIMS SERVICE

Address
924 HODGES
LAKE CHARLES LA 70602

DEFENDANT
CARTER, TAD

Address
2328 EDWIN ST
FORT WORTH TX 76110

Active Attorneys
Lead Attorney
MCGUIRE, TYLER J
Retained

Work Phone
214-742-3000

Fax Phone
214-760-8994

## Events and Hearings

10/21/2016 NEW CASE FILED (OCA) - CIVIL

10/21/2016 ORIGINAL PETITION

CT-#204583-v1-Haskell_-_POP.PDF

10/21/2016 ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

Comment
EMAILED ATTY TO PICK-UP ON 11/21/2016

10/21/2016 JURY DEMAND ▾

FP FILE DESK JURY DEMAND FORM

10/25/2016 CITATION ▾

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
11/03/2016
Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
OUT OF STATE

Returned
11/03/2016
Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
11/03/2016
Comment
ATTY/ NH

11/03/2016 RETURN OF SERVICE ▾

11316 Carter.pdf

Comment
TAD CARTER

11/03/2016 RETURN OF SERVICE ▾

11316 Littleton.pdf

Comment
LITTLETON CLAIMS SERVICE

11/03/2016 RETURN OF SERVICE ▾

11316 Seneca.pdf

Comment
SENECA INS CO

11/18/2016 ORIGINAL ANSWER - GENERAL DENIAL ▾

Defs' Orig Ans & Aff Def.pdf

11/18/2016 PLEA IN ABATEMENT ▾

Verified Plea in Abatement.pdf

Comment
DEF

11/18/2016 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

(Proposed) Order.pdf

Comment
PROPOSED ORDER GRANTING DEFENDANTS' VERIFIED PLEA IN ABATEMENT

## Financial

HASKELL 305 LLC

| | |
|---|---|
| Total Financial Assessment | $378.00 |
| Total Payments and Credits | $378.00 |

| | | | | |
|---|---|---|---|---|
| 10/24/2016 | Transaction Assessment | | | $378.00 |
| 10/24/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 67396-2016-DCLK | HASKELL 305 LLC | ($378.00) |

## Documents

CT-#204583-v1-Haskell_-_POP.PDF

FP FILE DESK JURY DEMAND FORM

ISSUE CITATION

ISSUE CITATION

ISSUE CITATION

11316 Carter.pdf

11316 Littleton.pdf

11316 Seneca.pdf

Defs' Orig Ans & Aff Def.pdf

Verified Plea in Abatement.pdf

(Proposed) Order.pdf

# Exhibit A-3

# Exhibit A-3-a

JURY DEMAND

3 CITS-ATTY

FILED
DALLAS COUNTY
10/21/2016 3:48:15 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. DC-16-13761

| | | |
|---|---|---|
| HASKELL 305 LLC | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE AND TAD CARTER | §<br>§<br>§ | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Haskell 305 LLC (hereinafter referred to as "Plaintiff") complaining of Defendants SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE and Defendant TAD CARTER (hereinafter collectively referred to as "Defendants") and hereby respectfully show unto the Court and Jury as follows:

**I. DISCOVERY CONTROL PLAN**

1.1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**II. PARTIES**

2.1. Plaintiff, Haskell 305 LLC is a Limited Liability Company doing business in Dallas, Dallas County, Texas.

2.2. Defendant, Seneca Insurance Company ("SENECA"), is a New York insurance company operating in the State of Texas procuring and adjusting policies in Texas. Seneca Insurance Company can be served through its attorney for service: James Isbell 1 Riverway, Suite 1400 Houston, TX 77056-1988.

2.3. Defendant, TAD CARTER ("CARTER"), is a resident of and/or doing business in Tarrant County, Texas and may be served by certified mail, return receipt requested, at 2328 Edwin Street, Fort Worth, Texas 76110. Alternatively, TAD CARTER may be served in-person wherever he may be found.

2.4 Defendant, LITTLETON CLAIMS SERVICE ("LITTLETON"), is an independent adjusting firm, who can be served by certified mail, return receipt requested, at 924 Hodges, Lake Charles LA 70602

## III. JURISDICTION AND VENUE

3.1. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2. Venue is mandatory and proper in Dallas County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas.

## IV. CONDITIONS PRECEDENT

4.1. All conditions precedent to recovery have been performed, or have been waived, by the Defendants.

## V. FACTS

5.1. Plaintiff is the owner of Insurance Policy No. CMP 4800810 issued by the Defendant SENECA (hereinafter referred to as the "Policy").

5.2. Plaintiff owns the insured property which is specifically located at 305 Haskell, Dallas, Texas 75226. (hereinafter referred to as the "Property").

5.3. Defendant SENECA or its agents sold the Policy, insuring the Property, on behalf of Plaintiff.

5.4. On or about June 9, 2015, a wind and hail storm struck Dallas, Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

5.5. Plaintiff submitted a claim to Defendant SENECA against the Policy for roof, other damage and resulting interior water damage the Property sustained as a result of a wind and hail storm.

5.6. Defendant SENECA assigned Claim Number 15KKN017 to Plaintiff's claim.

5.7. Defendant hired and/or assigned an independent adjusting firm, LITTLETON to investigate, adjust and evaluate the claim, and they in turn retained TAD CARTER to investigate, evaluate, and adjust the claim.

5.8. Through negligence and/or pressure exerted on him by SENECA or LITTLETON to keep loss payments low, adjuster TAD CARTER failed to properly adjust the claim, and he failed to provide any estimates, investigations, or explanations to Plaintiff prior to SENECA denying Plaintiff's claims on 12/30/15.

5.9. As a result, SENECA's denial letter relies on LITTLETON'S investigation and concludes that there is no evidence of damage to the exterior caused by a storm, and that all of the interior damage is due to "wear and tear" and the normal aging process, yet TAD CARTER never provided any expert reports, estimates, or any other documentation to support Defendant's decision to deny the claim.

## VI. CAUSES OF ACTION

**Cause of Action for Breach of Contract. (Defendant SENECA)**

6.1. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

6.2. Plaintiff purchased an Insurance Policy, underwritten by Defendant SENECA, a written agreement in which Defendant has the duty to investigate and pay Plaintiff's Policy benefits for covered damages, including losses resulting from wind and hail storms.

6.3. The conditions precedent to Plaintiff's recovery have been met in the following manners, including but not limited to: Plaintiff's paying of Policy premiums, a wind and hail storm striking Plaintiff's property on or about June 9, 2015, and Plaintiff complying with the Policy's applicable duties after loss.

6.4. However, Defendant SENECA has failed to fulfill its contractual obligations, through the denial of Plaintiff's claim.

6.5. As a result of this breach of contract, Plaintiff has suffered the damages alleged in this petition, including the time and expenses of litigation.

**Cause of Action for Violations of Texas Insurance Code § 541.060. Unfair Settlement Practices. (Defendant SENECA and Defendants LITTLETON and CARTER)**

6.6. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

6.7. Defendants SENECA, LITTLETON and CARTER have failed to attempt to effectuate a good faith settlement by failing to compensate Plaintiff for covered damage to the Property.

6.8. Defendants SENECA, LITTLETON and CARTER have failed to attempt to effectuate a good faith settlement by failing to present to Plaintiff an accurate reflection of Plaintiff's covered damages. SENECA LITTLETON and CARTER apparently determined that Plaintiff's property damages were from wear and tear as opposed to storm related damages, yet failed to provide support for their conclusion.

6.9. Defendant SENECA is in the business of insurance, as demonstrated by the fact that they prepared and underwrote Plaintiff's Policy, accepted Policy premiums, and assigned adjusters to inspect and evaluate the claim on SENECA's behalf.

6.10. Defendants LITTLETON and CARTER are in the business of insurance because, being assigned to the claim by SENECA, they were responsible for investigating and evaluating Plaintiff's Property on behalf of SENECA's Claim Number 15KKN017.

6.11. Despite the fact that Plaintiff provided SENECA, LITTLETON and CARTER with estimates which accurately depicted Plaintiff's covered losses, they failed – without adequate justification – to provide any benefits for Plaintiff to repair and replace their damaged and covered Property.

6.12. Defendants' liability had become reasonably clear once Plaintiff submitted the loss to Defendant, submitted estimates, complied with the Policy's applicable duties after loss, and provided to Defendant all documents necessary for Defendants to accurately evaluate and assess the claim.

6.13. In denying Plaintiff's Claim Number 15KKN017, SENECA LITTLETON and CARTER further failed to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for the denial.

6.14. As a result of Defendants' violations of under § 541.060 of the Texas Insurance Code, Plaintiff has suffered the damages alleged in this petition.

**Cause of Action for Violations of the Deceptive Trade Practices—Consumer Protection Act ("DTPA") (Defendant SENECA LITTLETON and CARTER)**

6.21. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

6.22. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA by purchasing the Policy from Defendant SENECA and paying Policy Premiums.

6.23. SENECA is in the business of insurance, as demonstrated by the fact that they prepared and underwrote Plaintiff's Policy, and accepted Policy Premiums.

6.24. LITTLETON and CARTER are in the business of insurance through their investigating, estimating, processing, approving, denying and settling of insurance claims, including but not limited to Claim Number 15KKN017.

6.25. Through the acts, omissions and failures described in this petition, Defendants LITTLETON and CARTER and Defendant SENECA's violations of the Texas Insurance Code also constitute unconscionable conduct as defined by the DTPA.

6.26. In this respect, Defendant's failures include, without limitations: (1) LITTLETON, CARTER and SENECA's failure to provide supporting documentation for their coverage decision; (2) LITTLETON, CARTER and SENECA's failures to give Plaintiff the benefit of the doubt regarding the cause and extent of damage; (3) LITTLETON, CARTER and SENECA's misrepresentation, in spite of available evidence to the contrary, that there was no visible damage to the exterior of Plaintiff's Property; and (4) LITTLETON, CARTER and SENECA's failure to adjust, evaluate and pay the proper repair and replacement cost for Plaintiff's Property damage.

6.27. Defendants SENECA, LITTLETON and CARTER represented to Plaintiff that Defendant SENECA's Policy had characteristics or benefits that it did not have. Specifically, these representations include that Defendant SENECA, through its adjusters like Defendant CARTER would conduct a thorough and fair investigation, and then pay covered damages.

6.28. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages described in the petition. These acts, omissions, and failures were done "knowingly" and "intentionally," as described by the DTPA.

**Cause of Action for Breach of Duty of Good Faith and Fair Dealing (Defendant SENECA, LITTLETON and CARTER)**

6.29. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

6.30. By their acts, omissions, failures, and conduct, Defendants SENECA, LITTLETON and CARTER have breached the common law duty of good faith and fair dealing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

6.31. SENECA, LITTLETON and CARTER knew or should have known that liability was reasonably clear once Plaintiff reported the loss, provided a professionally-prepared estimate, and complied with Plaintiff's duties after loss under the Policy.

6.32. However, Defendants conducted an inadequate investigation, tailored to deny any Policy benefits to repair the damaged property.

6.33. Defendants' breach of the duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.

**VII. WAIVER AND ESTOPPEL**

7.1. Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

**VIII. DAMAGES**

8.1. The above described acts, omissions, failures and conduct of Defendants have caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's Property, the diminution in the value of Plaintiff's property and any investigative and engineering fees incurred in the claim.

8.2. Plaintiff is also entitled to recover consequential damages from Defendant SENECA's breach of contract.

8.3. Plaintiff is also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.

8.4. Plaintiff is entitled to recover attorney fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

**IX. STATEMENT OF RELIEF AND DAMAGES OVER $100,000**

9.1 In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states the following: Plaintiff seeks monetary relief of over $100,000 but not more than $500,000.

**XI. JURY DEMAND**

10.1. Plaintiff asserts Plaintiff's right to a trial by jury and makes this demand for a jury trial at least 30 days before the date this case is set for trial. Plaintiff tenders the fee of $40.00.

**XII. PRAYER**

12.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, that Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief to which Plaintiff may show itself to be justly entitled to receive.

Respectfully submitted,

**CARNAHAN THOMAS**

By: ______________________
**Michael S. Carnahan**
TBN 03825700
mcarnahan@carnahanthomas.com

1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001
(817) 424-1003 (Fax)

ATTORNEYS FOR PLAINTIFF

# Exhibit A-3-b

FILED
DALLAS COUNTY
11/3/2016 3:41:00 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**SENECA INSURANCE COMPANY**
**BY SERVING ITS ATTORNEY JAMES ISBELL**
**1 RIVERWAY STE 1400**
**HOUSTON TX 77056-1988**

**GREETINGS:**
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 160th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being HASKELL 305 LLC

Filed in said Court 21st day of October, 2016 against

SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE AND TAD CARTER

For Suit, said suit being numbered DC-16-13761, the nature of which demand is as follows:
Suit on OTHER (CIVIL) etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By ______________________, Deputy
NIKIYA HARRIS




**ATTY**

**CITATION**

**DC-16-13761**

**HASKELL 305 LLC**
**vs.**
**SENECA INSURANCE COMPANY, et al**

**ISSUED THIS**
**25th day of October, 2016**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: NIKIYA HARRIS, Deputy

**Attorney for Plaintiff**
**MICHAEL S CARNAHAN**
**1190 N CARROLL AVENUE**
**SOUTH LAKE TX 76092**
**817-424-1001**



# OFFICER'S RETURN

Case No. : DC-16-13761

Court No.160th District Court

Style: HASKELL 305 LLC

vs.

SENECA INSURANCE COMPANY, et al

Came to hand on the 27th day of October, 2016, at 10:03 o'clock A M. Executed at 1 Riveway, Ste. 1400, Houston within the County of Harris at ____ o'clock ____ M. on the 27th day of October, 2016, by delivering to the within named Seneca Insurance Company by delivering to its attorney James Isbell, by certified mail no. 7015 0640 0002 1864 6635 (green card attached) each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was ____ miles and my fees are as follows: To certify which witness my hand.

| | |
|---|---|
| For serving Citation | \$ 30.00 |
| For mileage | \$ ____ |
| For Notary | \$ ____ |

Christie David SCH1483 exp 8/31/17

of ____ County, ____

By ____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said Christie David before me this 3rd day of November, 2016, to certify which witness my hand and seal of office.

Harold D. Monk

Notary Public Tarrant County Texas

NOTARY PUBLIC STATE OF TEXAS
HAROLD D. MONK
My Commission Expires
January 29, 2017

ID: 6817466



■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Seneca Insurance Company
C/o Attorney James Isbell
1 Riverway STE1900
Houston TX 77056-1988

9590 9402 1483 5329 1029 27

2. Article Number (Transfer from service label)
7015 0640 0002 1864 6635

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

# Exhibit A-3-c

FILED
DALLAS COUNTY
11/3/2016 3:41:00 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

LITTLETON CLAIMS SERVICE
924 HODGES
LAKE CHARLES LA 70602

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 160th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being HASKELL 305 LLC

Filed in said Court 21st day of October, 2016 against

SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE AND TAD CARTER

For Suit, said suit being numbered DC-16-13761, the nature of which demand is as follows:
Suit on OTHER (CIVIL) etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By ____________ Deputy
NIKIYA HARRIS




ATTY

CITATION

DC-16-13761

HASKELL 305 LLC
vs.
SENECA INSURANCE COMPANY, et al

ISSUED THIS
25th day of October, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: NIKIYA HARRIS, Deputy

Attorney for Plaintiff
MICHAEL S CARNAHAN
1190 N CARROLL AVENUE
SOUTH LAKE TX 76092
817-424-1001








# OFFICER'S RETURN

Case No. : DC-16-13761

Court No.160th District Court

Style: HASKELL 305 LLC

vs.

SENECA INSURANCE COMPANY, et al

Came to hand on the 27th day of October, 2016, at 10:03 o'clock A M. Executed at 924 Hodges, Lake Charles within the ~~County of~~ Calcasieu Parish, Louisiana ~~at~~ ____ o'clock ____ ~~M.~~ on the 27th day of October, 2016, by delivering to the within named

Littleton Claims Service by certified mail no. 7015 0640 0002 1864 6628 (green card attached)

~~each, in person,~~ a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was ________ miles and my fees are as follows: To certify which witness my hand.

| | |
|---|---|
| For serving Citation | $ 30.00 |
| For mileage | $ ________ |
| For Notary | $ ________ |

Christie David SCH1483 exp 8/31/17

of ______________ County, ______________

By ______________________________ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said Christie David before me this 3rd day of November, 2016, to certify which witness my hand and seal of office.

Harold D. Monk

Notary Public Tarrant County Texas

HAROLD D. MONK
My Commission Expires
January 29, 2017

ID: 6817466



- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Littleton claims Service
924 Hodges
Lake Charles, LA 70602

9590 9402 1483 5329 1029 03

2. Article Number (Transfer from service label)

7015 0640 0002 1664 6628

PS Form 3811, July 2015 PSN 7530-02-000-9053

A. Signature X Dena Ezell ☐ Agent ☐ Addressee

B. Received by (Printed Name) Dena Ezell

C. Date of Delivery 10/3/16

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# Exhibit A-3-d

FILED
DALLAS COUNTY
11/3/2016 3:41:00 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

TAD CARTER
2328 EDWIN STREET
FORT WORTH TX 76110

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 160th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being HASKELL 305 LLC

Filed in said Court 21st day of October, 2016 against

SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE AND TAD CARTER

For Suit, said suit being numbered DC-16-13761, the nature of which demand is as follows: Suit on OTHER (CIVIL) etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of October, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By ____________________, Deputy
NIKIYA HARRIS



ATTY

CITATION

DC-16-13761

HASKELL 305 LLC
vs.
SENECA INSURANCE COMPANY, et al

ISSUED THIS
25th day of October, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: NIKIYA HARRIS, Deputy

Attorney for Plaintiff
MICHAEL S CARNAHAN
1190 N CARROLL AVENUE
SOUTH LAKE TX 76092
817-424-1001



# OFFICER'S RETURN

Case No. : DC-16-13761

Court No. 160th District Court

Style: HASKELL 305 LLC

vs.

SENECA INSURANCE COMPANY, et al

Came to hand on the 27th day of October, 20 16, at 10:03 o'clock A .M. Executed at 2328 Edwin Street, Fort Worth within the County of Tarrant at 4:42 o'clock P .M. on the 2nd day of November, 20 16, by delivering to the within named

Tad Carter

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was ________ miles and my fees are as follows: To certify which witness my hand.

| | |
|---|---|
| For serving Citation | $ 60.00 |
| For mileage | $ ________ |
| For Notary | $ ________ |

Christie David SCH14983 exp 8/31/17

of ____________ County, ____________

By ____________ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said Christie David before me this 3rd day of November, 2016, to certify which witness my hand and seal of office.

HAROLD D. MONK
My Commission Expires
January 29, 2017

ID: 6817466

Harold D. Monk

Notary Public Tarrant County Texas

# Exhibit A-3-e

FILED
DALLAS COUNTY
10/18/2016 4:08:51 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-13761

| | | |
|---|---|---|
| HASKELL 305 LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE, AND TAD CARTER, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | 160th JUDICIAL DISTRICT |

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION**

Defendants Seneca Insurance Company ("Seneca") and Tad Carter (collectively, "Defendants") submit the following Original Answer and Affirmative Defenses to the Original Petition of Plaintiff Haskell 305 LLC ("Plaintiff"). Upon information and belief, Littleton Claims Service has not yet been properly served.

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof.

**SPECIAL DENIAL**

Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit. Among other conditions precedent, to recover under the policy of insurance under which Plaintiff seeks coverage ("Policy"), Texas statute, and/or Texas law, Plaintiff must provide Defendants prompt notice of the loss or damage made the basis of its insurance claim and promptly provide Defendants all reasonably requested documentation and/or information necessary for Defendants to investigate and evaluate such alleged losses and/or

damages. Plaintiff failed to satisfy these conditions. Plaintiff's claims are barred, in whole or in part, by its failure to satisfy these (and other) conditions precedent to the recovery it seeks in this action.

Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiff has failed to meet other conditions precedent set forth under the Policy, Texas statute, and/or Texas law as this litigation proceeds.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles contained in Seneca policy number CMP4800810 (the "Policy") issued to Plaintiff.

2. The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sublimits contained in the Policy.

3. The amount recoverable for Plaintiff's claims is limited by the Policy's Windstorm or Hail Percentage Deductible.

4. The amount recoverable for Plaintiff's claims is limited by the Policy's Limitations on Coverage for Roof Surfacing Endorsement, which states that Replacement Cost Coverage (if otherwise applicable) does not apply to roof surfacing.

5. Plaintiff's claims are barred, in whole or in part, to the extent the damage, if any, was not caused by or resulting from a covered cause of loss.

6. Plaintiff's claims are barred, in whole or in part, to the extent the damage, if any, was not to property covered by the Policy.

7. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

8. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

9. Plaintiff's claims are barred, in whole or in part, by Plaintiff and/or its agents' failure to meet all conditions precedent to the recovery Plaintiff now seeks under the Policy.

10. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by or resulting from wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it do damage or destroy itself, settling, cracking, shrinking, or expansion.

11. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused directly or indirectly by faulty, inadequate, or defective:

- Planning, zoning, development, surveying, siting;
- Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
- Materials used in repair, construction, renovation, or remodeling; or
- Maintenance

of part or all of any property on or off the described premises.

12. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of cosmetic damage to roof surfacing caused by wind and/or hail, pursuant to the Policy's Limitations on Coverage for Roof Surfacing Endorsement.

13. Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss or damage to the interior of any building or structure, or to personal property in the building or

structure, caused by or resulting from rain, snow, sleet, ice, sand, or dust, whether driven by wind or not, unless:

- The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand, or dust enters; or

- The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

14. Plaintiff's claims are barred, in whole or in part, by the Policy's "Duties in the Event of Loss or Damage," which include Plaintiff's obligations to give Seneca prompt notice of the loss and send Seneca a signed, sworn proof of loss within 60 days after Seneca's request.

15. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

16. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Seneca and its employees, agents, representatives, and adjusters are entitled to value claims differently from Seneca's policyholders without facing bad faith or extra-contractual liability. Defendants would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

17. To date, Plaintiff has failed to provide sufficient information to enable Defendants to fully evaluate the defenses that may apply to Plaintiff's alleged losses or damages. Accordingly, Defendants reserve the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## PRAYER

Defendants pray that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff takes nothing by its claims, and (iii) Defendants be granted such other and further relief to which

they are justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Tyler J. McGuire*
Steven J. Badger
Texas Bar No. 01499050
sbadger@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com
Tyler J. McGuire
Texas Bar No. 24098080
tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**COUNSEL FOR DEFENDANTS SENECA INSURANCE COMPANY AND TAD CARTER**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer and Affirmative Defenses has been served this 18th day of November, 2016, by electronic filing as follows:

Michael S. Carnahan
Texas Bar No. 03825800
mcarnahan@carnahanthomas.com
CARNAHAN THOMAS
1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001 – phone
(817) 424-1003 – fax

**COUNSEL FOR PLAINTIFF**

*/s/ Tyler J. McGuire*
Tyler J. McGuire

# Exhibit A-3-f

FILED
DALLAS COUNTY
11/18/2016 4:17:02 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-13761

| | | |
|---|---|---|
| HASKELL 305 LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE, AND TAD CARTER, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | 160th JUDICIAL DISTRICT |

**DEFENDANTS' VERIFIED PLEA IN ABATEMENT**

Defendants Seneca Insurance Company and Tad Carter (collectively, "Defendants") submit the following Verified Plea in Abatement.

1. Plaintiff Haskell 305 LLC ("Plaintiff") has asserted claims against Defendants for alleged violations of Chapters 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA).

2. Plaintiff failed, however, to provide Defendants with pre-suit notice of its claims, as required by Texas Insurance Code §541.154(a) and DTPA §17.505(a).[1] Hence, Defendants deny Plaintiff's allegation in §IV of its Original Petition that all conditions precedent to bringing these causes of action have been satisfied.

3. Defendants request that this suit be abated until proper notice is given. Under Texas Insurance Code §541.155(c) and DTPA §17.505(d)(2), the abatement is automatic unless properly controverted by Plaintiff, beginning on the 11th day after this Verified Plea in Abatement is filed

---

1 *See* Tex. Ins. Code § 541.154(a) (requiring written notice of claims under Chapter 541 no later than the 61st day before filing a lawsuit); Tex. Bus. & Com. Code Ann. § 17.505(a) (requiring written notice of claims under DTPA at least 60 days before filing a lawsuit).

and until the 60th day after Plaintiff provides written notice in compliance with Texas Insurance Code §541.154 and DTPA §17.505.

## PRAYER

Defendants pray that this Court grant their Verified Plea in Abatement, and that Defendants be granted such other and further relief to which they are justly entitled.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Tyler J. McGuire*
Steven J. Badger
Texas Bar No. 01499050
sbadger@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com
Tyler J. McGuire
Texas Bar No. 24098080
tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Verified Plea in Abatement has been served this 18th day of November, 2016 via electronic filing as follows:

Michael S. Carnahan
Texas Bar No. 03825800
mcarnahan@carnahanthomas.com
CARNAHAN THOMAS
1190 North Carroll Avenue
Southlake, Texas 76092
(817) 424-1001 – phone
(817) 424-1003 – fax

**COUNSEL FOR PLAINTIFF**

*/s/ Tyler J. McGuire*
Tyler J. McGuire

**VERIFICATION**

THE STATE OF New York §
§
COUNTY OF New York §

BEFORE ME, the undersigned notary, on this day personally appeared Gregory Crapanzano the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Gregory Crapanzano. I am capable of making this verification. I have read Defendants' Verified Plea in Abatement. The facts stated in Defendants' Verified Plea in Abatement are within my personal knowledge and are true and correct."

Gregory Crapanzano/Affiant
On behalf of Defendants

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 18th day of November, 2016.

Notary Public in and for the
State of NY

Gregory J. McGovern
Typed or Printed Name of Notary

[SEAL]

My Commission Expires: 4/20/2019

GREGORY JAMES MCGOVERN
Notary Public, State of New York
No. 01MC6323413
Qualified in Richmond County
Commission Expires April 20, 2019

# Exhibit A-3-g

CAUSE NO. DC-16-13761

| | | |
|---|---|---|
| HASKELL 305 LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SENECA INSURANCE COMPANY, LITTLETON CLAIMS SERVICE, AND TAD CARTER,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br>DALLAS COUNTY, TEXAS<br><br><br><br><br><br>160th JUDICIAL DISTRICT |

**ORDER GRANTING DEFENDANTS' VERIFIED PLEA IN ABATEMENT**

On this day came Defendants Seneca Insurance Company and Tad Carter's ("Defendants") Verified Plea in Abatement. This Court finds that Defendants' requested abatement should in all things be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff Haskell 305 LLC's ("Plaintiff") claims against Defendants are hereby abated until the 60th day after Plaintiff provides written notice in compliance with Texas Insurance Code § 541.154 and DTPA § 17.505 to Defendants. All discovery and further litigation in this matter is hereby abated until Plaintiff has complied with these statutory provisions.

SIGNED this ______ day of ________________ 2016.

______________________________
JUDGE PRESIDING